D. CHRIS ALBRIGHT
Nevada Bar No. 004904
**ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**
801 South Rando Drive, Suite D-4
Las Vegas, Nevada 89106
Tel: (702) 384-7111/Fax: (702) 384-0605
dca@albrigihtstoddard.com

MAZIN A. SBAITI
*Pro Hac Vice* pending
Texas Bar No. 24058096
KEVIN N. COLQUITT
*Pro Hac Vice* pending
Texas Bar No. 24072047
**SBAITI & COMPANY PLLC**
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
Tel: (214) 432-2899/Fax: (214) 853-4367
mas@sbaitilaw.com
knc@sbaitilaw.com

*ATTORNEYS FOR DEFENDANT*
*ANDREW SCHNEIDER*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARCHETYPE CAPITAL PARTNERS, LLC, A Nevada limited liability company,<br><br>*Plaintiff,*<br><br>v.<br><br>BULLOCK LEGAL GROUP, LLC, a Georgia limited liability company, and ANDREW SCHNEIDER, an individual residing in Texas,<br><br>*Defendants.* | CASE NO. 2:25-CV-01686-JCM-BNW<br><br>**DEFENDANT ANDREW SCHNEIDER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |

1

Plaintiff's opposition depends on the appearance—not the reality—of a Nevada nexus. Plaintiff attached no evidence to its response, hoping that this Court would rely on the argument of counsel in a brief. That is not how this works. And while the live Complaint pleads corporate formalities—e.g. a registered agent's office and a Nevada LLC label—it does not allege or support operative conduct by Mr. Schneider (or any Archetype member) in Nevada or a substantive Nevada center of gravity for the events giving rise to these claims. The only evidence before this Court shows that, in fact, Nevada has no substantive interest. The operative contract between the members contains a mandatory, exclusive forum-selection clause that requires litigation "in the state or federal courts located in Tampa, Florida." The clause is valid, dispositive, and enforceable under *Atlantic Marine*. Plaintiff identifies no extraordinary public-interest factor that justifies disregarding the parties' bargained-for forum. Its attempt to bootstrap venue through an NDA with a third party and the location of alleged injury fails under controlling law and the record.

A. **DISMISSAL IS WARRANTED UNDER RULE 12(B)(3).**

Rule 12(b)(3) dismissal is warranted "when venue is 'wrong' or 'improper.'" *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55 (2013). "Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws…. [and] is generally governed by 28 U.S.C. § 1391[.]" *Id. See also,* Complaint (Doc. 1) at ¶ 12 ("Venue is proper in the United States District Court, District of Nevada, pursuant to 28 U.S.C. § 1391(b)(2)[.]").

Section 1391 does not provide venue in the state of Nevada. First, no defendant resides in Nevada, so section 1391(b)(1) does not apply. Nor does section 1391 (b)(2) because there is no evidence that a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Nevada. And in fact, Mr. Schneider's declaration provides evidence to the contrary. Finally, there are other districts where this claim may be brought (Florida because of the venue clause and Texas or Georgia because a substantial portion of the events occurred there), so section 1391(b)(3) is also inapplicable.

Because venue is not proper in Nevada, this Court may dismiss under Rule 12(b)(3). *Atlantic Marine*, 575 U.S. at 55.

**B. UNDER *ATLANTIC MARINE* THE MANDATORY FORUM-SELECTION CLAUSE MUST BE ENFORCED.**

The Supreme Court's framework is clear. Where a valid, mandatory forum-selection clause applies, the court should transfer the case under 28 U.S.C. § 1404(a) absent "the most exceptional cases." *Atlantic Marine,* 571 U.S. at 63 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 287 U.S. 22, 33 (1988). Plaintiff's choice of forum and private-interest factors carry no weight, and only public-interest factors remain—and those "rarely" defeat transfer. *Id.* at 63-64. Plaintiff's brief conflates statutory propriety of venue under section 1391 with contractual enforcement under *Atlantic Marine*. Even if venue could be "proper" in Nevada as a statutory matter, that has no bearing on whether the parties' exclusive forum must be honored. The only question is whether Plaintiff has shown the kind of exceptional public-interest circumstances that justify ignoring the clause. It has not.

**C. THE OPERATING AGREEMENT'S CLAUSE IS MANDATORY AND BINDS PLAINTIFF.**

The Operating Agreement states: "Any suit involving any dispute or matter arising under this Agreement involving the Members or Managers may only be brought in the state or federal courts located in Tampa, Florida. All Members hereby consent to the exercise of personal jurisdiction by any such court[.]" Operating Agreement, § 11.9 (Doc. 38-1 at 30). That language is quintessentially mandatory. It specifies the exclusive forum where suit "may only be brought" and delineates who and what it reaches: disputes "arising under" the Agreement "involving the Members or Managers."

Plaintiff's claims against Mr. Schneider fall squarely within the clause's scope. The complaint itself centers on duties codified in Articles V and X—confidentiality, non-use, non-solicitation, competition restrictions, and member obligations. It alleges that Schneider breached fiduciary duties "prescribed by the Operating Agreement," violated the Agreement's confidentiality and restrictive covenants, and usurped corporate opportunities in violation of member duties. On Plaintiff's own telling, the fiduciary and contractual obligations provide the

blueprint for liability; the tort labels do not change that the claims "arise under" and "involve" the Agreement and a Member. Courts in this Circuit routinely enforce forum-selection clauses as to closely related tort and statutory claims that are "inextricably intertwined" with the contract. *See, e.g., Kelso Enters. v. M/V Wisida Frost*, 8 F. Supp. 2d 1197, 1207 (C.D. Cal. 1998)

Plaintiff offers no *Bremen* exception. There is no claim of fraud or overreaching in the clause's formation, no argument that Florida would deprive Plaintiff of a day in court, and no Nevada public policy that would be contravened by enforcing the parties' choice of forum. The clause is valid and controlling.

### D. PLAINTIFF'S NEVADA NARRATIVE IS CONCLUSORY AND DOES NOT SUPPLY AN EXCEPTIONAL PUBLIC-INTEREST BASIS.

Without citing any evidence, Plaintiff obliquely points only to (i) Archetype's 2023 conversion to a Nevada LLC; (ii) a Nevada registered office; (iii) a generalized assertion that "injury to a Nevada entity" occurred in Nevada; and (iv) Nevada statutes referenced in the complaint. None bear on the *Atlantic Marine* inquiry.

*First*, corporate domestication and registration do not make Nevada the operational locus of the dispute. The complaint does not allege that Mr. Schneider acted in Nevada, that relevant documents, systems, or witnesses are in Nevada, or that company operations were run from Nevada. To the contrary, the only evidence on the issue comes from Mr. Schneider's declaration attached hereto, and it confirms the absence of any meaningful Nevada nexus: Archetype maintained only a storefront office in Nevada with no employees; Schneider never transacted business in Nevada or visited the Nevada office; both he and Doug Mayer (the only Archetype principals) are Texas residents, and at all relevant time both worked on Archetype's behalf from Texas; and any relevant business records were physically maintained in Texas. *See* Exhibit 1, Declaration of Adam Schneider, sworn to December 5, 2025 ("Schneider Decl.") at ¶¶ 4-11 Plaintiff cites no evidence relevant to these facts or that contradict them.

*Second*, the "location of injury" cannot overcome a mandatory clause. *Atlantic Marine* removes private-interest considerations from the balance and instructs that the clause be enforced absent rare public-interest factors. *Atlantic Marine*, 571 U.S. at 64. Generalized assertions that a

Nevada entity felt injury in Nevada are not the sort of exceptional public-interest showing that defeats a bargained-for forum.

*Third*, Plaintiff's references to Nevada law do not move the needle. The Operating Agreement expressly selects Nevada law while selecting Florida courts. Courts routinely apply another state's law; "familiarity with governing law" is, at most, a modest public-interest factor and does not come close to the "extraordinary" showing required to disregard a mandatory clause. A Florida court can apply Nevada law.

In short, Plaintiff's Nevada-centric rhetoric does not establish any extraordinary court-administration or public-interest consideration that would justify ignoring the parties' contract.

### E. Plaintiff's "Florida Has No Connection" Argument Misstates The Law And The Record.

Plaintiff insists that Florida lacks a present connection to the dispute. That argument fails for two reasons. *First*, enforceability is not a post hoc "contacts" balancing test. *Atlantic Marine* enforces *ex ante* contractual selection absent extraordinary public-interest concerns. *Id.* at 63. The question is not whether Florida currently hosts operations or witnesses, but whether the parties agreed to litigate "any suit" within the clause's scope in Tampa courts. They did.

*Second*, it is irrelevant because it is undisputed that Florida was expressly chosen by the members in the governing instrument when Archetype was domesticated to Nevada and the parties reset their relationship through the June 28, 2023 Agreement. Plaintiff ignores the fact that the business was a Florida LLC before being converted to a Nevada LLC. *See* Schneider Decl. ¶ 13. Plaintiff's attempt to recast the clause as irrelevant because the company later converted its registration to Nevada cannot erase the members' bargain. Nor does Plaintiff cite any controlling authority holding that a selected forum becomes "unreasonable" or "unenforceable" because a party later *claims* the forum lacks a current connection. The cases Plaintiff invokes are inapposite: they involved forums with literally no party, contract, or performance nexus or involved consumer contracts presented to non-signatories without any arm's-length negotiation.

Here, the parties are sophisticated members of a closely held company, who contemporaneously agreed to Florida as their exclusive forum for member disputes arising under the Agreement that governs the very duties at issue.

### F. THE BLG NDA'S NEVADA VENUE LANGUAGE DOES NOT SUPPLANT THE MEMBERS' SELECTION OF FLORIDA FORUM.

Unable to avoid the Operating Agreement's clause, Plaintiff points to a separate NDA with Bullock Legal Group that selects Nevada. That NDA is a bilateral instrument with a third party and does not amend or override the members' venue agreement for intra-member disputes. The claims against Mr. Schneider are predicated on his member duties and alleged breaches of the Operating Agreement's confidentiality and restrictive covenants. The master instrument governing member obligations and remedies is the Operating Agreement, and it prescribes Florida as the exclusive forum for suits involving disputes arising under it.

Extending the BLG NDA's Nevada venue to control member disputes would invert the "closely related" doctrine. The NDA is derivative of, and subordinate to, the members' foundational agreement. If anything, enforcing the Operating Agreement's clause promotes consistency and prevents claim-splitting by ensuring that the contractually selected court adjudicates the scope and enforceability of Articles V and X and the remedies that flow from them. Plaintiff's speculation about "coordination" difficulties is not a public-interest factor that overcomes Atlantic Marine.

### G. PUBLIC-INTEREST FACTORS DO NOT DEFEAT TRANSFER.

Under *Atlantic Marine*, only public-interest factors remain—and they "rarely" justify declining enforcement. *Id.* at n.6. None does here.

*Court congestion.* Plaintiff offers no data or argument suggesting any material difference between the District of Nevada and the Middle District of Florida that would counsel keeping the case in Nevada despite the clause.

*Local interest.* While Nevada has a generalized interest in disputes involving Nevada LLCs, Florida courts have an equal institutional interest in vindicating contracted-for venue provisions, particularly where the contract expressly contemplates Florida courts applying

Nevada law. The generic "local interest" in a Nevada entity's injuries does not qualify as an extraordinary factor.

*Familiarity with governing law.* The Agreement selects Nevada law, and Florida courts routinely apply non-forum law. This factor is modest at best and cannot outweigh the clause.

*Administrative difficulties.* Enforcing the clause reduces—not increases—administrative burdens by placing member-duty issues in the contractually selected forum, avoiding inconsistent rulings over Articles V and X and the injunctive remedies the Agreement authorizes.

Plaintiff marshals no exceptional public-interest showing. That ends the inquiry.

## **CONCLUSION**

The complaint and opposition do not link Archetype's dispute with Mr. Schneider to Nevada in any meaningful way. The record shows a Nevada storefront with no operations, no Nevada conduct by Mr. Schneider, and business functions conducted elsewhere. The Operating Agreement, executed when the parties reconstituted their relationship, contains a mandatory, exclusive Florida forum-selection clause that governs this member dispute and the intertwined claims predicated on Articles V and X. Plaintiff identifies no extraordinary public-interest factor to defeat Atlantic Marine. Because the Operating Agreement's mandatory clause is valid, applies to these claims, and is controlling under Atlantic Marine, the Court should enforce it. The appropriate remedy is to transfer this action to the U.S. District Court for the Middle District of Florida, Tampa Division, pursuant to § 1404(a). In the alternative, the Court may dismiss for improper forum under the doctrine of forum non conveniens in deference to the exclusive venue the parties selected.

DATED this 5th day of December, 2025.

        **ALBRIGHT, STODDARD, WARNICK & ALBRIGHT**

        */s/ D. Chris Albright*
        D. CHRIS ALBRIGHT #004904
        801 South Rancho Drive, Suite D-4
        Las Vegas, Nevada 89106
        Tel: (702) 384-7111
        dca@albrightstoddard.com

        MAZIN A. SBAITI
        *Pro Hac Vice* pending
        Texas Bar No. 24058096
        KEVIN N. COLQUITT
        *Pro Hac Vice* pending
        Texas Bar No. 24072047
        **SBAITI & COMPANY PLLC**
        3102 Maple Avenue, Suite 400
        Dallas, Texas 75201
        Tel: (214) 432-2899/Fax: (214) 853-4367
        mas@sbaitilaw.com
        knc@sbaitilaw.com

        ***ATTORNEYS FOR DEFENDANT***
        ***ANDREW SCHNEIDER***

## CERTIFICATE OF SERVICE

I certify that I am an employee of Albright, Stoddard, Warnick & Albright, and that on the 5th day of December, 2025, I caused a true and correct copy of the foregoing **DEFENDANT ANDREW SCHNEIDER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PROPER VENUE, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** to be electronically filed with the Clerk of the Court and served via the United States District Court CM/ECF system on all parties or persons requiring notice, as follows:

Kevin N. Anderson, Esq.
**FABIAN VANCOTT**
2275 Corporate Cir., Suite 220
Henderson, NV 89074
kanderson@fabianvancott.com
*Attorneys for Plaintiff*

Pat Lundvall (NSBN 3761)
Chelsea Latino (NSBN 14227)
Laena St-Jules (NSBN 15156)
**McDONALD CARANO LLP**
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
plundvall@mcdonaldcarano.com
clatino@mcdonaldcarano.com
lstjules@mcdonaldcarano.com
*Attorneys for Defendant Bullock Legal Group, LLC*

/s/ Andrea Brebbia
_____
An employee of Albright, Stoddard, Warnick & Albright

9