Pat Lundvall (NSBN 3761)
Chelsea Latino (NSBN 14227)
Laena St-Jules (NSBN 15156)
McDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
plundvall@mcdonaldcarano.com
clatino@mcdonaldcarano.com
lstjules@mcdonaldcarano.com

*Attorneys for Non-Party Bullock Legal Group, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARCHETYPE CAPITAL PARTNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SCHNEIDER, an individual residing in Texas,<br><br>Defendant. | Case No. 2:25-cv-01686-GMN-BNW<br><br>**NON-PARTY BULLOCK LEGAL GROUP, LLC'S MOTION FOR RECONSIDERATION** |

Pursuant to Fed. R. Civ. P. 59(e) and LR 59-1, non-party Bullock Legal Group, LLC ("BLG") submits this Motion for Reconsideration of the Court's Order Granting, in Part, Motion for Preliminary Injunction ("Order") (ECF No. 48). This Motion is based on the following memorandum of points and authorities, the pleadings and papers on file, and such other information that the Court may wish to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Court has dismissed BLG from this action for lack of personal jurisdiction and therefore cannot issue an injunction against it or decide the merits of any claim against it. BLG thus seeks reconsideration of the portions of the Court's Order that restrain distribution of BLG's share of any

settlement with Defendant X and seemingly make a merits-based determination about BLG's conduct to support that restraint. *See* ECF No. 48 at 30, 33. While Fed. R. Civ. P. ("Rule") 65(d)(2)(C) authorizes a court to restrain "persons who are in active concert or participation" with a bound party, that Rule operates to prevent non-parties from helping a bound party violate an injunction. Permitting BLG to access its own funds would not aid the only remaining defendant, Andrew Schneider, in violating the injunction against him. Schneider has no entitlement to BLG's funds, nor could the Court determine that Plaintiff Archetype Capital Partners, LLC ("Archetype") has any entitlement to those funds either. The Court should therefore vacate the portions of its Order that (1) indicate that BLG "acted in active concert with Schneider's misconduct"; and (2) restrain distribution of BLG's share of funds from any Defendant X settlement. *See* ECF No. 48 at 30, 33.

## II. BACKGROUND

BLG is a plaintiff's mass tort law firm incorporated in Georgia, and it has pursued video game addiction ("VGA") lawsuits in the United States. ECF No. 24 at 2. BLG has sought funding in connection with the VGA lawsuits, and on May 27, 2024, it executed a non-disclosure agreement ("NDA") with Archetype to facilitate Archetype's review of BLG's confidential information in connection with BLG's request for funding. *Id.* at 3. "[T]he NDA does not protect Archetype's purported trade secrets or confidential information." ECF No. 48 at 11. Instead, "the confidentiality protections of this NDA inure to the benefit of only [BLG]." *Id.* Archetype rejected BLG's request for funding on June 5, 2024 and did not provide funding or other services to BLG. ECF No. 24 at 3-4.

In June 2024, BLG was approached by Defendant X about scheduling mediation of BLG's VGA cases. *Id.* at 4. One of BLG's vendors informed Archetype's co-founder and partner, Andrew Schneider, of the pending mediation, and Schneider contacted BLG shortly thereafter. *See id.* On September 26, 2024, Schneider offered BLG his assistance in his individual capacity as an attorney to serve as co-settlement counsel; Schnieder would not be acting as a vendor through Archetype. *Id.* BLG and Schneider thus entered into a Joint Venture Agreement, and BLG understood that Schneider's work would use his training, education, and experience as an attorney, not any Archetype materials. *See id.* Schneider's contributions to BLG's workup process were extremely

2

limited, and his working knowledge was all built on BLG's own injury tiers and case workup created in 2023.[1] *Id.* at 6.

Nevertheless, Archetype initiated this litigation against BLG and Schneider on September 8, 2025. ECF No. 1. Archetype claimed that, in working with BLG, Schneider breached his fiduciary duty to Archetype; breached his contract with Archetype; breached his duty of good faith and fair dealing to Archetype; misappropriated trade secrets; converted Archetype's trade secrets and confidential information; conspired to harm Archetype; and intentionally interfered with Archetype's economic advantages and prospective relationships. *See generally id.* Archetype also asserted similar claims against BLG, purportedly arising from the NDA. *See generally id.*

On October 15, 2025, Archetype moved for a temporary restraining order and preliminary injunction against BLG and Schneider. ECF Nos. 8 & 9. On December 5, 2025, the Court entered its Order granting in part and denying in part the motion for preliminary injunction. ECF No. 48. As to Schneider, the Court found Archetype established entitlement to preliminary injunctive relief. *See generally id.* However, as to BLG, the Court determined that it lacked personal jurisdiction and dismissed it. *Id.* at 33-34. The Court's Order, as relevant here, (1) indicated that BLG "acted in active concert with Schneider's misconduct"; and (2) and provided that "[t]he distribution of [BLG] and Schneider's share of the Defendant X settlement must be restrained and preserved." *Id.* at 30, 33. BLG seeks reconsideration here of both of these portions of the Order.

### III.   LEGAL STANDARD

Under LR 59-1(a), a party may seek reconsideration where "the court has overlooked or misunderstood" "points of law or fact." Reconsideration is also appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LR 59-1(a).

///

---

[1] Other than the November 2024 settlement achieved in a small number of filed cases, there is no other settlement that exists; BLG has not completed resolution and settlement of its claims against Defendant X. *See* ECF No. 24 at 3.

3

## IV. ARGUMENT

### A. BLG Is Entitled to Seek Reconsideration.

In bringing this Motion, BLG does not waive, but preserves, its argument that the Court lacks personal jurisdiction over it. Nevertheless, BLG is entitled to bring this Motion as "non-parties who are bound by a court's equitable decrees have a right to move to have the order dissolved." *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) (non-party over whom district court had no personal jurisdiction "had a right to move the district court to modify the restraining order"). In particular, non-parties have standing to challenge an injunction where the injunction clearly presents a non-party "with the choice of either conforming its conduct to the dictates of the injunction or ignoring the injunction and risking contempt proceedings." *In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d 539, 544 (9th Cir. 1996). The Order clearly presents BLG with this dilemma, which "constitutes sufficient injury-in-fact to give [BLG] standing to challenge the injunction even in the absence of an actual finding of contempt against it." *See id.* As described below, the challenged portions of the Order should be vacated as they erroneously bind non-party BLG based on an impermissible merits-based determination.

### B. The Order Should Be Narrowed.

#### 1. BLG, as a Non-Party, Cannot Be Enjoined.

This Court correctly concluded that dismissal of BLG as a defendant was required for lack of personal jurisdiction. ECF No. 48 at 33-34. But because there is no personal jurisdiction over BLG, no injunction may be issued against it. *See* ECF No. 48 at 9 (citing *Glob. Verge, Inc. v. Rodgers*, No. 2:10-CV-01360, 2011 WL 70611, at *8 (D. Nev. Jan. 7, 2011) ("The Court cannot issue a temporary restraining order or a preliminary injunction against parties over which it does not have personal jurisdiction.")); *see also Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). In particular, a court "may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945). An injunction

must be tailored "to affect only those persons over which [a court] has power." *Zepeda*, 753 F.2d at 727.

BLG does not challenge the Court's Order enjoining distribution of Schneider's share of the Defendant X settlement, if any. *See* ECF No. 48 at 33. Because there is no personal jurisdiction over BLG, however, the Court erroneously restrained BLG from receiving its share of any Defendant X settlement. *See id.* at 30 ("The share of those funds belonging to Schneider and any party acting in concert with him (like Bullock Legal Group), and funneled from QSF #1 to QSF #2, should be preserved to maintain the status quo."); *id.* at 33 ("The distribution of Bullock Legal Group and Schneider's share of the Defendant X settlement must be restrained and preserved.").[2] None of the claims in this action could possibly concern BLG's own funds; all surviving claims are brought only against Schneider, who has no entitlement to BLG's share of the Defendant X settlement. *See Heyman v. Kline*, 444 F.2d 65, 65-66 (2d Cir. 1971) (reversing contempt determination where non-party "had a genuinely independent interest in the property" and therefore could not be ordered "to release that interest, because [the] court had no jurisdiction over her person"). Further, any injunction premised on the conclusion that Archetype could potentially recover BLG's share of the settlement in this action would be an improper adjudication of the merits of Archetype's dismissed claims against BLG. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case.").

Because there is no personal jurisdiction over BLG, the injunction restraining BLG's receipt of its share of the Defendant X settlement is void and should be vacated. *See Hatahley v. United States*, 351 U.S. 173, 182 (1956) (holding that the district court could not "enjoin the individual agents of the United States over whom it never acquired personal jurisdiction"); *In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d at 544-45, 548 (vacating futile injunction against

---

[2] Although the Order restrains the distribution of funds, which funds are administered by a separate non-party over which the Court has not asserted personal jurisdiction, the practical effect of the Order is to enjoin BLG from accessing any Defendant X settlement funds. *See* ECF No. 25, Ex. 19, Decl. of C. Guillory ¶ 3 (identifying the non-party "company retained to serve as the administrator of the Qualified Settlement Fund (QSF) for Bullock Legal Group's video game addiction cases").

a non-party over which district court lacked personal jurisdiction); *Kirschenbaum*, 156 F.3d at 795 ("The district court's attempt to enjoin Mrs. Kirschenbaum and other third-parties over whom the court had no personal jurisdiction is void and so binding on no one."). Relatedly, the reasoning supporting the Court's injunction against BLG should be vacated. The Court appears to have concluded that an injunction was appropriate because BLG "acted in active concert with Schneider's misconduct," ECF No. 48 at 30, but that is an impermissible determination concerning the merits of Archetype's dismissed claims against BLG over which the Court does not have jurisdiction. *See Sinochem Int'l Co.*, 549 U.S. at 431.

### 2. Rule 65(d)(2)(C) Does Not Apply to the Restraint on BLG.

Rule 65(d)(2)(C) does not change that the Order is overbroad. *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395-96 (Fed. Cir. 1996) ("Having a relationship to an enjoined party of the sort set forth in Rule 65(d) exposes a non-party to contempt for assisting the party to violate the injunction, but does not justify granting injunctive relief against the non-party in its separate capacity."). That Rule makes an injunction binding on individuals who receive actual notice of it and "who are in active concert or participation with" the parties or their officers, agents, servants, employees, and attorneys. Fed. R. Civ. P. 65(d)(2)(C). But BLG is not acting "in active concert or participation with" Schneider for purposes of Rule 65(d)(2)(C).[3]

As the Supreme Court has explained, Rule 65(d) "is derived from the commonlaw doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co.*, 324 U.S. at 14. "In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original

---

[3] As noted above, the Court appears to have concluded that there was evidence that BLG "acted in active concert with Schneider's misconduct." ECF No. 48 at 30. But as discussed below, Rule 65(d)(2) functions to prohibit non-parties from helping a party violate an injunction. After finding there was no personal jurisdiction over BLG, the Court could not decide the merits of any claim against BLG for its pre-litigation actions, and in any event, BLG's pre-litigation actions are not relevant to whether it has helped or will help Schneider violate the Order by accessing its own funds such that it might appropriately be bound by the Order.

proceeding." *Id.* Stated differently, "the only occasion when a person not a party may be punished, is when he has helped to bring about, not merely what the decree has forbidden, because it may have gone too far, but what it has power to forbid, an act of a party." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 833 (2d Cir. 1930) (L. Hand, J.). Courts enforcing an injunction against non-parties thus consider whether the non-party (1) "abets the enjoined party in violating the injunction"; or (2) "is legally identified with the enjoining party," sometimes referred to as being in privity. *CFPB v. Howard Law, P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) (cleaned up); *see also Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019); *ADT LLC v. NorthStar Alarm Servs., LLC*, 853 F.3d 1348, 1352 (11th Cir. 2017); *Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of the Baha'is of the U.S. of Am., Inc.*, 628 F.3d 837, 848-49 (7th Cir. 2010).

But BLG is an independent actor and would not be abetting any violation of the injunction by Schneider through receipt of its own share of the Defendant X settlement. *See Regal Knitwear Co.*, 324 U.S. at 13 ("The courts, nevertheless, may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently . . . ."). Under Rule 65(d)(2), BLG could only be liable for abetting a violation of the Order by Schneider upon the "predicate" finding that Schneider "committed contempt." *See Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002). Allowing BLG to access its own funds, however, would in no way involve Schneider, and "[i]f [Schneider] is not involved in the contempt, [BLG] cannot be" either. *Alemite Mfg. Corp.*, 42 F.2d at 833.

BLG also is not legally identified with Schneider. BLG is not "a successor to [Schneider] after the injunction issued." *Howard Law, P.C.*, 671 F. App'x at 955. And BLG engaged with Schneider through an arm's-length agreement that now presents a conflict of interest. *See Kourtis v. Cameron*, 419 F.3d 989, 997 (9th Cir. 2005), *abrogated in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) ("[A] conflict of interest between a non-party and his purported representative forecloses the possibility of privity because a non[-]party cannot be adequately represented by a person with whom he is in conflict."). As the Court has recognized, Schneider's work with BLG was "potentially in violation of his restrictions" on his law license, and BLG may

7

have a cause of action against Schneider as a result. *See* ECF No. 48 at 17. The agreement that Schneider potentially breached does not present a sufficiently "close affiliation" to support any conclusion that BLG and Schneider are "legally identified," particularly as Schneider has no entitlement to or ability to act on behalf of BLG in connection with BLG's share of the Defendant X settlement. *See Howard Law, P.C.*, 671 F. App'x at 955; *NBA Props., Inc. v. Gold*, 895 F.2d 30, 33 (1st Cir. 1990) (finding "legally separate persons" were not "legally identified with" the defendants); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2020 WL 3617907, at *4 (N.D. Cal. July 2, 2020) ("A non-party is considered legally identified with a corporate defendant for purposes of contempt when the non-party has the ability to act on behalf of the defendant-entity.").

Moreover, "[t]he concept of privity . . . is ultimately bounded by due process, which starts from a 'presumption that each person has a right to her day in court.'" *Nat'l Spiritual Assembly of the Baha'is*, 628 F.3d at 849 (citation omitted). "When privity is invoked as a basis for binding a nonparty to an injunction, it is 'restricted to persons so identified in interest with those named in the decree that it would be reasonable to conclude that their rights and interests have been represented and adjudicated in the original injunction proceeding.'" *Id.* (citation omitted). "[P]arallel legal interests alone, identical or otherwise," however, "are not sufficient to establish privity." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054 (9th Cir. 2005). BLG maintains its own defenses to any claims by Archetype, and it is not similarly situated as or adequately represented by a former member of Archetype like Schneider. There is also no relationship through privity or otherwise that would entitle Schneider to any portion of BLG's share of the Defendant X settlement, and the Court cannot adjudicate whether Archetype may be entitled to BLG's assets. *See Sinochem Int'l Co.*, 549 U.S. at 431. BLG is an independent entity with its own independent defenses and interests, and it is entitled to its own day in court should Archetype pursue claims in a forum that has personal jurisdiction over it.

"A court should not issue an unenforceable injunction . . . ." *In re Estate of Ferdinand Marcos Human Rights Litig.*, 94 F.3d at 545. Because the Order erroneously purports to bind non-party BLG, reconsideration and partial vacatur is warranted. *See id.* at 544-45, 548 (district court

abused its discretion in entering futile injunction as to party over which it had no personal jurisdiction); *Kirschenbaum*, 156 F.3d at 795 ("The district court's attempt to enjoin Mrs. Kirschenbaum and other third-parties over whom the court had no personal jurisdiction is void and so binding on no one.").

## V. CONCLUSION

For the foregoing reasons, BLG requests the Court grant its Motion and vacate the parts of its Order that (1) indicated that BLG "acted in active concert with Schneider's misconduct"; and (2) restrained and preserved distribution of BLG's share of the Defendant X settlement. *See* ECF No. 48 at 30, 33.

Dated: December 12, 2025.   McDONALD CARANO LLP

By: */s/ Chelsea Latino*
Pat Lundvall (NSBN 3761)
Chelsea Latino (NSBN 14227)
Laena St-Jules (NSBN 15156)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
plundvall@mcdonaldcarano.com
clatino@mcdonaldcarano.com
lstjules@mcdonaldcarano.com

*Attorneys for Non-Party Bullock Legal Group, LLC*