Kevin N. Anderson
Nevada State Bar No. 4512
FABIAN VANCOTT
2275 Corporate Cir., Suite 220
Henderson, NV 89074
Telephone:    (702) 233-4444
kanderson@fabianvancott.com

Hilary R. Adkins (admitted *pro hac vice*)
Utah State Bar No. 18296
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, UT 84111
Telephone: (801) 531-8900
hadkins@fabianvancott.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARCHETYPE CAPITAL PARTNERS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BULLOCK LEGAL GROUP, LLC, a Georgia limited liability company, and ANDREW SCHNEIDER, an individual residing in Texas, <br><br> Defendants. | Case No. 2:25:CV-01686-GMN-BNW <br><br> **PLAINTIFF ARCHETYPE CAPITAL PARTNERS, LLC'S MOTION AND [PROPOSED] ORDER FOR LEAVE TO FILE UNDER SEAL EXHIBITS 4, 5, AND 7 TO REPLY TO DEFENDANT ANDREW SCHNEIDER'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff Archetype Capital Partners, LLC ("**Plaintiff**" or "**Archetype**") by and through its counsel of record, submits the following Motion for Leave to File Under Seal Exhibits 4, 5 and 7 to Plaintiff's Reply to Defendant Andrew Schneider's Response and Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("**Motion**").

1

This Motion is based upon the Memorandum of Points and Authorities, below, the pleadings and papers on file herein, and such other and further arguments and evidence as may be presented to the Court in connection with the Motion.

DATED this 26th day of December, 2025.

/s/ Kevin N. Anderson
Kevin N. Anderson, Esq.
Nevada State Bar No. 4512
FABIAN VANCOTT
2275 Corporate Cir., Suite 220
Henderson, NV 89074
Telephone:    (702) 233-4444

*Attorneys for Plaintiff*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The matter before the Court centers on Defendant Andrew Schneider's ("**Schneider**") theft and dissemination of valuable trade secrets and working in concert with others, such as the Bullock Legal Group ("**BLG**"), to repurpose Archetype's proprietary work for their own gain.

The trade secrets developed by Archetype, include proprietary models for underwriting, evaluating, and reviewing litigation, claims and lending solutions specific to mass tort litigation. In the course of its work, Archetype receives and compiles confidential litigation dockets, partner-firm client lists, contact information, and other sensitive materials integral to its business operations. The valuable trade secrets and confidential information are protected by Archetype's Operating Agreement ("**OA**"), as well as mandates that customers and potential customers execute non-disclosure agreements ("**NDAS**") before any of Archetype's Trade Secret and Confidential Information is shared.

**II.    LEGAL ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978). In deciding the degree of protection required, courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), quoting *Nixon*, 435 U.S. at 602; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (interpreting FRCP 26(a)

as conferring "broad discretion" upon trial courts in deciding "when a protective order is appropriate and what degree of protection is required").

"A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Aerodynamics Inc. v. Caesars Entm't Operating Co., Inc.*, 2:15-CV-01344-JAD, 2015 WL 5679843, at \*13 (D. Nev. Sept. 24, 2015), quoting *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Here, the four documents at issue are exhibits to Plaintiff's Motion and represent a part of Archetype's request for court intervention. As such, the "compelling reasons" standard applies. Compelling reasons may exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamanakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Exhibit 4 to Plaintiff's Reply to Defendant Andrew Schneider's Response and Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction consist of an email to a funder requesting funding for a client, containing non-public case information, financial data, and loan details. The applied redactions remove confidential third-party financial information, firm identities, funding sources, case volumes and loan and refinancing terms. This information is not publicly available and includes personally identifiable information subject to privacy protections and confidentiality obligations. Public disclosure would compromise client privacy. Sealing is therefore necessary to protect third-party privacy interests and protect client relationships.

The information is highly relevant to the evaluation of the matter before the Court but should not be disclosed in public records. As such, Archetype respectfully requests this Court grant Archetype leave to file Exhibits 4 under seal.

Further, Exhibits 5 and 7 should be sealed and remained sealed per the Court's December 5, 2025 Order. Exhibits 5 and 7 are not public documents and contain the names and identifying information (address, email address, social security numbers, DOB, and other sensitive information). Federal Rule of Civil Procedure 5.2 requires that such information be redacted and not made public. Accordingly, Exhibits 5 and 7 should be and remain sealed, non-public records. If the Court declines Archetype's request to file the Exhibits under seal, Archetype respectfully requests that this Court provide the opportunity to redact sensitive information before making the records publicly available.

III.    CONCLUSION

For the foregoing reasons, Archetype respectfully requests leave to file under seal, Exhibit 4 to Plaintiff's Reply to Defendant Andrew Schneider's Response and Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

DATED this 26th day of December, 2025.

/s/ Kevin N. Anderson
Kevin N. Anderson, Esq.
Nevada State Bar No. 4512
FABIAN VANCOTT
2275 Corporate Cir., Suite 220
Henderson, NV 89074
Telephone:    (702) 233-4444

Attorneys for Plaintiff

5

**<u>ORDER</u>**

Based upon the Motion for Leave to File Under Seal Exhibits 4, 5, and 7 the Memorandum and Points and Authorities, the pleadings and papers on file herein and such other and further arguments and evidence as may be presented to the Court in connection with this Motion and for good cause,

**IT IS SO ORDERED**, that Exhibits 4, 5 and 7 to Plaintiff's Reply to Defendant Andrew Schneider's Response and Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction shall be filed under seal.

By: _____
UNITED STATES DISTRICT JUDGE

DATED:_____