**PW Parker | Waichman LLP**
A NATIONAL LAW FIRM
NEW YORK | LONG ISLAND | NEW JERSEY | FLORIDA

6 Harbor Park Drive
Port Washington, NY 11050-4647
Phone 516.466.6500
Fax 516.466.6665
800.LAW.INFO (529.4636)
www.yourlawyer.com

December 22, 2025



Judge Gloria M. Navarro
Lloyd D. George US Courthouse
333 Las Vegas Boulevard South
Las Vegas, NV 89101

US District Court, District of Nevada

      Re: Archetype Capital Partners LLC v. Bullock Legal Group, LLC, et al
      Case No.: 2:25-cv-01686-GMN-BNW

Judge Navarro:

My name is Jerrold S. Parker, and I am an attorney representing SmartAdvocate LLC, an entity that supplies legal case management software to law firms throughout the United States, including the Bullock Legal Group, LLC ("Bullock"). SmartAdvocate has offices in the States of Florida and New York. I am licensed to practice law in New York, New Jersey, the District of Columbia and Colorado. I am not licensed to practice in Nevada.

Bullock Legal Group is a client of SmartAdvocate as it uses SmartAdvocate software. However, aside from this relationship, SmartAdvocate has no other relationship with Bullock.

SmartAdvocate was served by email with a copy of your December 5, 2025 Order granting in part, a Motion for a Preliminary Injunction. Accompanying the order, was a letter from attorney Kevin N. Anderson, who apparently represents the plaintiff in this case. (Letter enclosed) Also provided to SmartAdvocate, was a copy of the Complaint filed on September 8, 2025.

In reading the Court's Order, the Court indicted on page 9, that in deciding the request for a Preliminary Injunction "it must first determine if it has personal jurisdiction over Bullock Legal Group," quoting *Glob. Verge, Inc. v Rodgers*, (citation omitted), "The Court cannot issue a temporary restraining order or preliminary injunction against parties over which it does have not personal jurisdiction." ). The Court went on to find that it does not have personal jurisdiction over Bullock and denied the motion for a preliminary injunction as to Bullock and then *sua sponte* dismissed the case against Bullock. I do not see anywhere in the Court's Order where the Court enjoined Bullock, in any manner.

Mr. Andersen indicated in his letter dated December 17, 2025 (also enclosed), the following:

1. In Footnote 1, Mr. Anderson writes "Although BLG as dismissed as a named defendant, the Court's preliminary injunction, described below, continues to apply to BLG to the extent that it acted in concert Schneider.

2. On page 2, Mr. Anderson elaborates and states: "On December 5, 2025, the Court granted in part Archetype's Motion for Preliminary Injunction. In relevant part, the Court ordered:

    1. Schneider, and *anyone acting in concert with him,* is enjoined from using, disclosing, or transmitting Archetype's trade secrets or confidential information."

3. In Section II of Mr. Schneider's letter, he went on to inform my client what their "obligations" are under the Court's December 5, 2025 Order.

Not finding anything in the Court's Order concerning any obligations that SmartAdvocate has, I called Mr. Anderson at 12:05 pm today to get clarity on Mr. Anderson's claim as to any obligations my client has pursuant to your Order as my client wants to fully comply with any Order from this Court.

After explaining to Mr. Andreson what the relationship is between Bullock and SmartAdvocate, I asked Mr. Anderson to give me guidance as to where in the Order it says the Preliminary Injunction applies to SmartAdvocate, Mr. Anderson was very rude and started cursing, saying, "read the fu*king rule". I then asked him who is going to pay my client costs for complying with this Order, if, in fact, the Order does apply to them, at that point, Mr. Schneider hung up on me.

As I read this Court's Order, the Court, not only denied the request for preliminary injunction as to Bullock, but dismissed Bullock from the case as the Court found it did not have any jurisdiction over Bullock. Apparently Mr. Anderson is of the opinion that this Court is ordering my client, a 3rd party, to preserve data as it relates to Bullock despite the fact that this Court has previously determined that it does not have jurisdiction over Bullock and has dismissed them as a party to this action.

As Mr. Anderson will not provide me the courtesy of answering my questions and in view of the absence of any language in the Court's Order that we were served with that would apply to my client, and as a result of Mr. Anderson's extremely unprofessional conduct on the phone today, I'm at a loss as to what to advise my client. While I do not anticipate that the Court will tell me what I should advise my client, I am respectfully requesting information as to whether there is an Order of this Court that requires my client, SmartAdvocate, to do anything regarding the data of the Bullock Legal Group.

Respectfully submitted,

JERROLD S. PARKER

JSP:amg
Encl.