# FABIAN VANCOTT



Kevin N. Anderson
**Attorney / Partner**
T:    702.233.4444
M:    702.333.8861
kanderson@fabianvancott.com

December 17, 2025

*Via U.S. Certified Mail, Return Receipt Requested*

SmartAdvocate
201 Old Country Road
Suite 145
Melville, NY 11747

Re:    *Archetype Capital Partners, LLC v. Andrew Schneider*
       **Notice of Preliminary Injunction and Litigation Hold Demand**

To Whom It May Concern:

This law firm represents Archetype Capital Partners, LLC ("**Archetype**") in connection with a federal lawsuit involving misappropriation of trade secrets, breach of contract, and related claims against Andrew Schneider ("**Schneider**") and Bullock Legal Group ("**BLG**")[1]. For your reference, the Complaint and the Court's Order Granting Preliminary Injunction are enclosed.

This letter serves two purposes:

(1) To provide actual notice of the preliminary injunction granted on December 5, 2025, which enjoins Schneider and any person acting in concert with him from using, disclosing, or transmitting Archetype's trade secrets, and to preserve and restrain the distribution of attorney fees and other funds derived from the use of Archetype's misappropriated trade secrets from the share of settlement funds belonging to Schneider and any party acting in concert with him (like BLG), and funneled from the two distinct Qualified Settlement Funds ("**QSF**") identified in the Court's Order, QSF #1 and QSF #2, to maintain the status quo; and

(2) To formally notify SmartAdvocate (hereinafter "**You**") of its obligation to preserve all documents and electronically stored information ("**ESI**") potentially relevant to this litigation.

Archetype has information that there are business interactions between You and Schneider, or between You and companies that are in active concert or participation with him. Archetype understands that this includes those closely aligned with Schneider, such as BLG, BlueKey Tek and SimplyConvert LLC. Accordingly, we believe it appropriate to ensure you have actual notice of the injunction, and Your preservation obligations as we evaluate whether any conduct falls within its scope.

---

[1] Although BLG was dismissed as a named defendant, the Court's preliminary injunction, described below, continues to apply to BLG to the extent it acted in concert with Schneider.

2275 Corporate Cir., Suite 220
Henderson, NV 89074

ATTORNEYS AT LAW
www.fabianvancott.com

December 17, 2025
Page 2

## I.    Background & Preliminary Injunction

Archetype alleges that Schneider and BLG engaged in systematic misappropriation of Archetype's proprietary litigation-finance and mass-tort claims-processing methodologies. On December 5, 2025, the Court granted in part Archetype's Motion for Preliminary Injunction. In relevant part, the Court ordered:

1. Schneider, and *anyone acting in concert with him*, is enjoined from using, disclosing, or transmitting Archetype's trade secrets or confidential information;

2. The distribution of BLG's and Schneider's share of the Defendant X settlement must be restrained and preserved;

3. Schneider is enjoined from soliciting or interfering with Archetype's customers, vendors, or partners through use of misappropriated information; and

4. Schneider is restrained from engaging in any business activities that violate the restrictive covenants in the Operating Agreement.

The Court defined the trade secrets at issue to include Archetype's proprietary systems, methodologies, valuation models, intake protocols, analytics, workflow systems, funding models, cross-litigation methodologies, confidential databases, strategic vendor relationships, and other intellectual property relating to various mass-tort litigations such as VGA, RealPage, PFAS, and Mastercard/Visa. (Order at 15:9–17.)

## II.    Litigation Hold Obligations

Given Your involvement in matters that may intersect with this litigation, **you must immediately implement a litigation hold** and take all steps necessary to identify, preserve, and protect from alteration any potentially relevant documents and ESI in Your possession, custody, or control.

This includes, without limitation, materials relating to:

- Archetype or any matters referenced in the Complaint;

- Schneider, including any communications, recordings, meetings, or documents involving him from January 2024 to present;

- BLG, or its principal, Tina Bullock;

- Internal communications, analyses, proposals, loan approvals, term sheets, funding discussions, funding commitments, or any documentation related to VGA (video game addiction) claims or litigation;

2275 Corporate Cir., Suite 220
Henderson, NV 89074

ATTORNEYS AT LAW
www.fabianvancott.com

December 17, 2025
Page 3

- All documents concerning or referencing Archetype's trade secrets, methodologies, workflows, vendor systems, or intellectual property as identified above.

This list is illustrative, not exhaustive. We trust you will consult with those at [Name] knowledge of the relevant events to ensure complete preservation of all relevant materials. The litigation hold is necessary to ensure that all potentially relevant evidence is preserved intact, and not overwritten, modified, destroyed, or altered in any way.

However, the litigation hold also includes all relevant deleted, draft, revised, and fragmented information—with all associated metadata—whether online, near line, or offline. Thus, we also request that you preserve all forms of relevant documents and ESI, including both accessible and inaccessible sources, over which you have custody, possession or control, including: email; file servers; data created with any email logging, routing, or management software; communications applications (including text messages, social media direct messaging, WeChat, Zoom Chat, Telegram, WhatsApp, Discourse, instant messaging, Google chat, or any similar medium); databases; spreadsheets; Internet service providers; desktops; laptops; peripheral devices including cards, discs, diskettes, cartridges, CDs, DVDs and USB drives; storage area networks; application programs and utilities; online and/or direct access storage devices; telephone devices, including telephone logs; computer logs, including logs of any modifications to any data processing system made by any person, including employees, contractors, vendors and other third parties; backup tapes and other storage devices; personal mobile phones, digital assistants, data created with any document management or customer relationship software; Internet and Web-browser-generated history files, caches and "cookies."

We also request that you preserve all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct any relevant electronic data.

Notice of this litigation hold should be disseminated to all employees, agents, and contractors who may possess or have access to any potentially relevant documents or ESI. It should also include instructions on how to suspend any routine document retention or destruction policies, procedures, or practices.

Failure to preserve such evidence could result in severe legal consequences. Please confirm in writing that you have implemented the litigation hold and that all potentially relevant evidence has been preserved. If you require any additional information, or have any questions about the request made in this letter, please feel free to contact me at the email address or phone number provided herein. We appreciate your cooperation and prompt attention to this matter.

If you have any questions regarding this notice, please immediately contact the undersigned. Otherwise, we expect that you understand your obligations to preserve and retain documents. We further expect that you will govern yourself accordingly, and comply with your obligations to preserve documents and information that relate to the pending litigation and related matters or reasonably foreseeable litigation wherein you may be named as a party or witness.

December 17, 2025
Page 4

Sincerely yours,

Kevin N. Anderson
**FABIAN VANCOTT**