**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Archetype Capital Partners, LLC,

Plaintiff,

v.

Bullock Legal Group, LLC, et al.,

Defendants.

Case No. 2:25-cv-01686-GMN-BNW

**ORDER**

Before this Court is Plaintiff's motion to seal documents attached to its Reply to Defendant Andrew Schneider's Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 71. Plaintiff seeks leave to seal Exhibits 4, 5, and 7 attached to that reply. No opposition has been filed. As discussed in more detail below, this Court grants Plaintiff's motion.

## I. LEGAL STANDARD

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, or motions that are more than tangentially related to the underlying cause of action, the party seeking to seal the record must articulate compelling reasons for the request. *Id.* at 1178–79; *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). These compelling reasons must be supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* Courts cannot rely on hypothesis or conjecture. *Kamakana*, 447 F.3d. at 1179.

If any confidential information can be easily redacted while leaving meaningful information available to the public, courts must require that redactions be made rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th

Cir. 2003); *Nevada W. Petroleum, LLC v. BP W. Coast Prods., LLC*, No. 2:15-cv-01684-APG-PAL, 2016 WL 5107089, at *1 (D. Nev. Sept. 19, 2016). The preference for redaction presupposes that a redacted version would retain something of value to the public. When approved redactions cover most of a document, the redacted version would be meaningless or unintelligible. In these situations, courts have been willing to seal the document in its entirety. But the moving party must still demonstrate with specificity that the protected character of the information pervades the document, rather than relying on a generalized confidentiality designation. *See Nevada W. Petroleum*, 2016 WL 5107089, at *1.

Motions for preliminary injunctions are more than tangentially related to the underlying cause of action. *Ctr. for Auto Safety,* 809 F.3d at 1102. As a result, the compelling reasons standard applies to such motions. *Id*. In general, compelling reasons sufficient to outweigh the public's interest in understanding the judicial process exist when court files might become "a vehicle for improper purposes." *Kamakana*, 447 F.3d. at 1179. Releasing trade secrets is an improper purpose. *Id.*

## II. ANALYSIS

Here, the documents sought to be sealed are attached to a reply which is more than tangentially related to the underlying action. As a result, this Court applies the compelling reasons standard.

Exhibit 4 is an email requesting funding for a client containing non-public case information, financial data, and loan information. Because public disclosure would compromise client privacy and confidential client relationships, this Court finds compelling reasons to seal this information. *See Selling Source, LLC v. Red River Ventures*, 2011 WL 1630338 * 6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097

(9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information). This Court finds that the redactions necessary to protect the confidential information would leave only meaningless information for public disclosure.

Exhibits 5 and 7 have previously been ordered sealed as they "appear to contain spreadsheets of people's names, birthdates, and addresses." ECF No. 48 at 8. As a result, they may remain sealed.

This Court notes that Exhibit 6 is currently sealed, and Plaintiff's motion does not request that it remain under seal. *See* ECF No. 29. Accordingly, Plaintiff must file Exhibit 6 on the public docket.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 71) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to maintain ECF No. 30 under seal.

**IT IS FURTHER ORDERED** that Plaintiff must file Exhibit 6 to its Reply to Defendant Andrew Schneider's Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction on the docket and link it to ECF No. 29 within 30 days of this order.

DATED: July 22, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE