**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Archetype Capital Partners, LLC,

Plaintiff,

v.

Bullock Legal Group, LLC, et al.,

Defendants.

Case No. 2:25-cv-01686-GMN-BNW

**ORDER**

Before this Court is Plaintiff's motion to seal documents attached to its Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 69. Plaintiff seeks leave to seal the Declaration of Archetype CEO, Doug Mayer, Exhibits 3-18, 20-29, 31-38, 40-42, 44-46, 48, 50, 52-53, 55-57, 59-60, 63-64, 69-76, 78-79 to that declaration, and the Appendix to those exhibits. *Id*. Plaintiff argues the information in question constitutes trade secrets that should be sealed under the Ninth Circuit's compelling reasons standard. *Id.* No opposition has been filed. As discussed in more detail below, the Court grants in part and denies in part Plaintiff's motion.

## I. LEGAL STANDARD

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, or motions that are more than tangentially related to the underlying cause of action, the party seeking to seal the record must articulate compelling reasons for the request. *Id.* at 1178–79; *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). These compelling reasons must be supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* Courts cannot rely on hypothesis or conjecture. *Kamakana*, 447 F.3d. at 1179.

/ / /

If any confidential information can be easily redacted while leaving meaningful information available to the public, courts must require that redactions be made rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *Nevada W. Petroleum, LLC v. BP W. Coast Prods., LLC*, No. 2:15-cv-01684-APG-PAL, 2016 WL 5107089, at *1 (D. Nev. Sept. 19, 2016). The preference for redaction presupposes that a redacted version would retain something of value to the public. When approved redactions cover most of a document, the redacted version would be meaningless or unintelligible. In these situations, courts have been willing to seal the document in its entirety. But the moving party must still demonstrate with specificity that the protected character of the information pervades the document, rather than relying on a generalized confidentiality designation. *See Nevada W. Petroleum*, 2016 WL 5107089, at *1.

Motions for preliminary injunctions are more than tangentially related to the underlying cause of action. *Ctr. for Auto Safety,* 809 F.3d at 1102. As a result, the compelling reasons standard applies to such motions. *Id*. In general, compelling reasons sufficient to outweigh the public's interest in understanding the judicial process exist when court files might become "a vehicle for improper purposes." *Kamakana*, 447 F.3d. at 1179. Releasing trade secrets is an improper purpose. *Id.*

The Ninth Circuit has adopted the Restatement's definition of "trade secret." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (citing *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972)). Under this definition, a trade secret is "any formula, pattern, device or compilation, of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Bartech Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 215CV02422MMDNJK, 2016 WL 2593920, at *1 (D. Nev. May 5, 2016) (quoting Restatement (First) of Torts § 757, cmt. b (1939)). Although trade secrets generally relate to the production of goods, they may relate to other business operations. *Clark*, 453 F.2d at 1009.

/ / /

/ / /

The Restatement provides six factors to consider when determining whether information is a trade secret:

> (1) the extent to which the information is known outside of his business; (2) the extent to which it is known by employees and others involved in his business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended by him in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

Restatement (First) of Torts § 757 cmt. b.

## II. <u>ANALYSIS</u>

Here, the documents sought to be sealed are attached to a motion which is more than tangentially related to the underlying action. As a result, this Court applies the compelling reasons standard. This Court has reviewed the Exhibits in question and concludes that they fall within the categories identified on pages 3–4 of Plaintiff's motion. ECF No. 69 at 3-4. This Court further finds that the information contained in these Exhibits qualifies as trade secrets. As a result, the compelling reasons standard has been met. As to the Exhibits being sealed in their entirety, this Court finds that the redactions necessary to protect the confidential information would leave only meaningless information for public disclosure. Accordingly, the following Exhibits may remain sealed and/or redacted:

- Exhibit 3 (ECF No. 70-2),
- Exhibit 4 (ECF No. 70-3),
- Exhibit 5 (ECF No. 70-4),
- Exhibit 6 (ECF No. 70-5),
- Exhibit 7 (ECF No. 70-6),
- Exhibit 8 (ECF No. 70-7),
- Exhibit 9 (ECF No. 70-8),
- Exhibit 10 (ECF No. 70-9),
- Exhibit 11 (ECF No. 70-10),
- Exhibit 12 (ECF No. 70-11),
- Exhibit 13 (ECF No. 70-12),

- Exhibit 14 (ECF No. 70-13),
- Exhibit 15 (ECF No. 70-14),
- Exhibit 16 (ECF No. 70-15),
- Exhibit 17 (ECF No. 70-16),
- Exhibit 18 (ECF No. 70-17),
- Exhibit 20 (ECF No. 70-18),
- Exhibit 21 (ECF No. 70-19),
- Exhibit 22 (ECF No. 70-20),
- Exhibit 23 (ECF No. 70-21),
- Exhibit 24 (ECF No. 70-22),
- Exhibit 25 (ECF No. 70-23),
- Exhibit 26 (ECF No. 70-24),
- Exhibit 27 (ECF No. 70-25),
- Exhibit 28 (ECF No. 70-26),
- Exhibit 29 (ECF No. 70-27),
- Exhibit 31 (ECF No. 70-28),
- Exhibit 32 (ECF No. 70-29),
- Exhibit 33 (ECF No. 70-30),
- Exhibit 34 (ECF No. 70-31),
- Exhibit 35 (ECF No. 70-32),
- Exhibit 36 (ECF No. 70-33),
- Exhibit 37 (ECF No. 70-34),
- Exhibit 38 (ECF No. 70-35),
- Exhibit 40 (ECF No. 70-36),
- Exhibit 41 (ECF No. 70-37),
- Exhibit 42 (ECF No. 70-38),
- Exhibit 44 (ECF No. 70-39),
- Exhibit 45 (ECF No. 70-40),
- Exhibit 46 (ECF No. 70-41),
- Exhibit 48 (ECF No. 70-42),
- Exhibit 50 (ECF No. 70-43),

- Exhibit 52 (ECF No. 70-44),
- Exhibit 53 (ECF No. 70-45),
- Exhibit 55 (ECF No. 70-46),
- Exhibit 56 (ECF No. 70-47),
- Exhibit 57 (ECF No. 70-48),
- Exhibit 59 (ECF No. 70-49),
- Exhibit 60 (ECF No. 70-50),
- Exhibit 63 (ECF No. 70-51),
- Exhibit 64 (ECF No. 70-52),
- Exhibit 69 (ECF No. 70-53),
- Exhibit 70 (ECF No. 70-54),
- Exhibit 71 (ECF No. 70-55),
- Exhibit 72 (ECF No. 70-56),
- Exhibit 73 (ECF No. 70-57),
- Exhibit 74 (ECF No. 70-58),
- Exhibit 75 (ECF No. 70-59),
- Exhibit 76 (ECF No. 70-60),
- Exhibit 78 (ECF No. 70-61), and
- Exhibit 79 (ECF No. 70-62).

The declaration of Mr. Mayer references information contained in some of the exhibits identified above. As a result, the declaration (ECF No. 70-1) may remain sealed.

This Court is unclear as to what Plaintiff means by the “Appendix.” To the extent that it means the index, there are no compelling reasons to maintain that information under seal. The information contained in the Index does not contain any trade secrets and has been placed in the public record as part of the instant motion. *See* ECF No. 69.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 69) is **GRANTED** in part and **DENIED** in part, consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall maintain ECF Nos. 10 and 70 under seal.

DATED: July 22, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE