**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Archetype Capital Partners, LLC,

Plaintiff,

v.

Bullock Legal Group, LLC et al.,

Defendants.

Case No. 2:25-cv-01686-GMN-BNW

**OMNIBUS ORDER**

Before this Court are ten non-dispositive pretrial motions filed by the parties. This order will address each motion in turn.

## I. BACKGROUND

Plaintiff Archetype Capital Partners, LLC, sued Defendant Andrew Schneider, its co-founder and former member, and Defendant Bullock Legal Group, LLC. ECF No. 1. Archetype alleges that Schneider and BLG misappropriated Archetype's trade secrets for reviewing and valuing mass tort claims. ECF No. 101.

The District Judge later granted, in part, Archetype's motion for a preliminary injunction against Schneider. ECF No. 48. Among other things, the District Judge compelled Schneider to return to Archetype "all Archetype property and materials containing such information, including the company-issued laptop." *Id.* at 33. The same order dismissed BLG for lack of personal jurisdiction. *Id.* at 9–13, 34.

Archetype filed a first amended complaint, again naming BLG. ECF No. 101. BLG moved to dismiss for lack of personal jurisdiction and failure to state a claim. ECF No. 108. That motion is fully briefed and pending before the District Judge. Also pending before the District Judge are BLG's countermotion to transfer this action to Georgia and Schneider's motion to transfer this action to Florida. ECF Nos. 113, 120.

Schneider returned the laptop to Archetype earlier this year. *See* ECF No. 148 at 6. BLG filed a motion for reconsideration of the injunction and Schneider filed a motion to stay the injunction pending appeal, which were both recently denied by the District Judge. ECF No. 205.

## II. DISCUSSION

### A. Motions to Seal (ECF Nos. 182, 189, 193)

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id*. Two standards govern motions to seal: the "compelling reasons" standard and the "good cause" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the case of dispositive motions, or motions that are more than tangentially related to the underlying cause of action, the party seeking to seal the record must state compelling reasons for the request. *Kamakana*, 447 F.3d at 1178–79; *see also Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016). These compelling reasons must be supported by specific factual findings that outweigh the public policies favoring disclosure. *Id.* A movant cannot rely on hypothesis or conjecture to meet the compelling reasons standard. *Kamakana*, 447 F.3d. at 1179.

In the case of non-dispositive motions which are not more than tangentially related to the merits of the case, the court applies the good cause standard for sealing. *Pintos*, 605 F.3d at 678. The public's interest in accessing non-dispositive materials is not as strong as the public's interest in accessing dispositive materials. *Id.* (citing *Kamakana*, 447 F.3d at 1179). Additionally, orders to seal documents must be "narrowly tailored" to only remove material which warrants protection from public view. *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016). If any confidential information can be easily redacted while leaving meaningful information available to

the public, courts must require that redactions be made rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

Here, each of the parties' motions to seal seeks to protect the identity of "Defendant X." Defendant X is a non-party to this action who is engaged in confidential settlement discussions with BLG. *See* ECF No. 48 at 5 n.3. No opposition has been filed to any of the three motions.

**1. BLG's Motions to Seal (ECF Nos. 182, 193) Are Granted**

BLG filed two motions to seal for the purpose of protecting Defendant X's identity. ECF Nos. 182, 193. This Court grants ECF Nos. 182 and 193 in their entirety.

BLG first seeks to seal unredacted versions of ECF Nos. 148-1 and 167-1 and file publicly available, redacted versions.[1] These documents are exhibits attached to non-dispositive motions which are not more than tangentially related to the merits of the case,[2] so the good cause standard applies. These documents, filed by Archetype, are currently available on the public docket and disclose the name of Defendant X. Due to the confidential nature of BLG's settlement negotiations with Defendant X, good cause exists to seal the unredacted exhibits and file public versions of the exhibits which redact only the name of Defendant X.

Accordingly, ECF Nos. 148-1 and 167-1 will be sealed. The redacted version of these exhibits (ECF No. 182-2) will be filed on the public docket and linked to ECF Nos. 148 and 167.

/ / /

---

[1] Ordinarily, a party seeking to seal a document files it under seal along with its motion to seal, and this Court then decides whether the document should remain sealed. *See* LR IA 10-5(a). Here, the documents at issue were filed publicly by a different party. Because a document already on the public docket cannot be redacted in place, this Court seals the unredacted documents in their entirety to keep the docket complete and orderly. This Court also requires the redacted versions to be filed publicly, so that the sealing is narrowly tailored and meaningful information remains available to the public. *Ervine*, 214 F. Supp. 3d at 919; *see also Foltz*, 331 F.3d at 1137.

[2] ECF No. 148 is Archetype's response to a discovery motion, and ECF No. 167 is Archetype's motion for protective order.

BLG also seeks to seal ECF No. 67, which is Schneider's motion to stay the injunction pending appeal. Schneider's motion is more than tangentially related to the underlying cause of action, and the compelling reasons standard applies. This document is currently available on the public docket and discloses the name of Defendant X. As the District Judge has acknowledged, the confidentiality of Defendant X's identity should be preserved. *See* ECF No. 48 at 5 n.3. These are compelling reasons to seal the unredacted motion to stay and file a public version of the document which redacts only the name of Defendant X.

Accordingly, ECF No. 67 will be sealed. The redacted version of this motion (ECF No. 182-1) will be filed on the public docket and linked to ECF No. 67.

Lastly, BLG moves to file Exhibit 2 to its discovery-related opposition and countermotion[3] publicly with redactions and under seal without them. The good cause standard applies. As above, the proposed redactions are limited to the identity of Defendant X. Good cause exists to grant BLG's request. ECF Nos. 190-2 and 191-2 are already publicly filed with the proposed redactions, and ECF No. 192 contains the sealed, unredacted Exhibit 2.

Accordingly, ECF Nos. 190-2, 191-2, and 192 shall be maintained on the docket in their current state.

**2. Archetype's Motion to Seal (ECF No. 189) is Granted in Part**

Archetype moves to seal Exhibits 1 and 2 to its motion to compel in their entirety. ECF No. 189. These documents disclose the identity of Defendant X. This Court grants the motion in part.

A motion to compel is a non-dispositive motion to which the good cause standard applies. As discussed above, good cause exists to protect Defendant X's identity. Archetype, however,

---

[3] Exhibit 2 is attached to BLG's opposition to Archetype's motion to compel and BLG's counter motion for protective order. The opposition and motion to compel are the same filing but listed on the docket as separate entries: ECF Nos. 190 and 191.

seeks to seal these documents in their entirety, without providing a publicly available, redacted version of the exhibits. These documents may be easily redacted while leaving meaningful information available to the public—and BLG has already done so. *See Foltz*, 331 F.3d at 1137; *see also* ECF Nos. 123-2, 182-2. Additionally, it appears Archetype did not actually file any accompanying documents under seal in the first place. *See generally* ECF No. 189; *see also* LR IA 10-5(a).

Accordingly, within 14 days of this order, Archetype must file public, redacted versions of Exhibits 1 and 2 to its motion to compel and link the docket entry to ECF No. 188. The redactions should be consistent with ECF Nos. 123-2 and 182-2, which redact only the name of Defendant X.

**B. BLG's Motion to Stay Discovery (ECF No. 123)**

BLG moves to stay discovery directed to itself[4] until the District Judge resolves its motion to dismiss. ECF No. 123. Archetype opposed. ECF No. 135.[5] BLG replied. ECF No. 140. This Court grants the motion and, because the reasons for a stay reach beyond BLG, exercises its discretion to stay all discovery in this action.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c)(1). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015). But it has identified one scenario in which a

---

[4] BLG's motion appears to initially request a stay of all discovery. ECF No. 123 at 1, 11. BLG's reply, however, clarifies that it seeks a stay of discovery against itself only. ECF No. 140 at 2, 5.

[5] Archetype's opposition was filed on the docket twice as ECF Nos. 134 and 135. For clarity, this order will refer to the opposition as ECF No. 135.

district court may stay discovery and one scenario in which a district court may *not* stay discovery. A district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). A district court may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if discovery was necessary to decide the dispositive motion).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 (D. Nev. 2013). This Court, however, has found that the preliminary peek test can be problematic because it is often inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). As a result, this Court instead considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery. *Id.* at *4.

Good cause may be established using the preliminary peek test, but it may also be established by factors unrelated to the merits of the dispositive motion. Movants often seek a stay to prevent "undue burden or expense." Fed. R. Civ. P. 26(c)(1). The moving party has the burden to show good cause “by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Though parties opposing a stay carry no burden to show harm or prejudice, this Court considers any specific reasons why a stay would be harmful.

More generally, courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). And "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**1. The Motion to Dismiss Can Be Decided Without Additional Discovery**

BLG moves to dismiss Archetype's complaint on two separate grounds: (1) the court lacks personal jurisdiction over it, and (2) the complaint fails to state a claim against it. ECF No. 108.

Regarding the first argument, Archetype admits that discovery is not necessary to resolve the motion to dismiss, though additional discovery "*could* assist the Court." ECF No. 135 at 12 (emphasis added). In Archetype's opposition to BLG's motion to dismiss, it explicitly states that the existing record makes a prima facie showing of specific jurisdiction. ECF No. 115 at 1. While Archetype requests jurisdictional discovery *if* the District Judge disagrees, it does not assert a need to engage in more discovery before the motion is decided. *Id.* at 20. Similarly, BLG's second argument requires no additional discovery because it is based purely on whether the allegations within Archetype's complaint state a claim under Rule 12(b)(6).

**2. Good Cause Exists to Stay Discovery as to BLG**

BLG has shown that it will face undue burden and expense absent a stay of discovery. Archetype's discovery requests encompass BLG's communications with financial institutions about every mass tort settlement fund, its intake methods for every mass tort, its settlement communications in other litigation, and its docket of claimants. ECF No. 123-2 at 9–10. Responding to Archetype's discovery would require BLG to conduct an extensive privilege review across all its client files and implicate information that Archetype, as a claimed competitor in mass tort litigation, could misuse. ECF No. 123-1 ¶¶ 8–9. BLG's jurisdictional challenge also favors staying discovery. *See Bloom v. Zuffa, LLC*, No. 2:22-cv-412-RFB-BNW, 2023 WL 6197341, at *4 (D. Nev. Sep. 22, 2023) (stating that courts in this District have found challenges to personal jurisdiction strongly favor a stay of discovery).

Archetype argues that a stay is not proper where the pending motion to dismiss is not dispositive of the entire case. ECF No. 135 at 6 (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). *Tradebay* discussed tests applied in various jurisdictions and concluded that "a case-by-case analysis" was needed to determine whether a stay should be granted while a dispositive motion is pending. *Tradebay*, 278 F.R.D. at 602. Even if *Tradebay* could be read to require that the motion to dismiss be dispositive of the entire case, it is not binding on this Court.

Moreover, *Tradebay* recognizes that decisions concerning the scope and limitations of discovery are governed by Rule 26(c), which affords courts broad discretion to issue protective orders, including stays of discovery, upon a showing of good cause. Accordingly, the fact that the pending motion to dismiss may not resolve the entire case does not, by itself, preclude a stay of discovery. *Id*. at 601 (citing *Little*, 863 F.2d at 685).

Archetype also argues that a stay would only delay inevitable discovery, since it intends to seek discovery from BLG "via Rule 34 now or Rule 45 later." ECF No. 135 at 7–8. This Court is not persuaded by this argument. Non-party discovery under Rule 45 is not the same as party discovery under Rule 34. As noted by BLG, Rule 45 offers greater protection for third parties subject to discovery. ECF No. 140 at 2; *see also* Fed. R. Civ. P. 45. Given the extent and implications of Archetype's discovery requests to BLG, there is good cause to stay discovery now.

**3. Good Cause Exists to Stay All Discovery**

BLG's motion only requested a stay of discovery directed to itself. But this Court finds good cause to stay discovery among all parties given the complexity of this case. *See Little*, 863 F.2d at 685; *Landis*, 299 U.S. at 254.

/ / /

/ / /

/ / /

Archetype alleges that Schneider and BLG misappropriated the same trade secrets together. ECF No. 198 at 6. Archetype also argues that it cannot make expert disclosures without documents and depositions from both defendants. *Id.* at 5. Permitting discovery to Schneider now and to BLG later would unnecessarily complicate and duplicate discovery efforts.

Additionally, Schneider's motion to transfer this action to the Middle District of Florida is pending. ECF No. 120. So is BLG's countermotion to transfer this action to the Northern District of Georgia. ECF No. 113. Any discovery conducted under the current scheduling order may be disrupted if either of those motions is granted. And the appointment of the special master, discussed in Section II.C of this order, is intended to alleviate future discovery disputes among the parties. Continued discovery at this juncture would likely contribute to the same disputes which the special master is intended to resolve.

Though Schneider did not file an opposition to the motion to stay, this Court also considers the stay's impact on him. In Schneider's response to Archetype's motion to extend time, he argues that any delay prejudices him because the District Judge's injunction remains in effect and prevents him from practicing law. ECF No. 203 at 6–7. This Court does not take that concern lightly.

Indeed, the District Judge found that Schneider has shown a probability of irreparable harm from the injunction. ECF No. 205 at 14. Even so, she declined to stay the injunction, finding that the potential for substantial injury to Archetype and the public interest in protecting trade secrets outweighed the potential harm to Schneider.[6] *Id.* at 14–16. This order does not disturb that balance. The injunction remains in effect on its terms, and the stay of discovery does not alter it.

/ / /

---

[6] The District Judge's injunction order also clearly stated that Schneider may continue to practice law, so long as he does not use Archetype's trade secrets and confidential information. ECF No. 48 at 32.

**4. Scope of the Stay**

All discovery in this action is stayed pending the District Judge's ruling on BLG's motion to dismiss (ECF No. 108), including the parties' obligations to respond to discovery already served. The stay does not affect the special master process outlined in Section II.C of this order, the protective order entered under Section II.E.1, or any party's obligation to preserve evidence. Any party may move to lift or modify the stay for good cause.

**C. BLG's Emergency Motion for Return of Materials and Appointment of Special Master (ECF No. 142)**

BLG asks this Court for the following relief: (1) appoint a special master to review the laptop and all other BLG materials in their possession, (2) require Archetype to pay the special master, (3) bar Archetype and Schneider from using or reviewing BLG's materials, and (4) require Archetype to pay fees incurred by BLG in bringing the motion. ECF No. 142. Archetype opposed, and BLG replied. ECF Nos. 148, 161. Schneider did not file a direct response to this motion, but he did file other documents which address his position on the appointment of a special master. ECF Nos. 151, 171. Accordingly, all parties have had notice and an opportunity to be heard on the special master's appointment. Fed. R. Civ. P. 53(b)(1). This Court grants the motion in part.

A court may appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Such appointment is the exception, not the rule. *Upjohn Co. v. Hygieia Biological Lab'ys*, 151 F.R.D. 355, 360 (E.D. Cal. 1993). But masters may be appointed where the litigation is complex, involving supplemental proceedings and voluminous filings. *United States v. Suquamish Indian Tribe*, 901 F.2d 772, 775 (9th Cir. 1990). In appointing a master, this Court "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

/ / /

**1. A Special Master Is Warranted for the Laptop**

The parties' dispute over the laptop and its contents is one of the uncommon situations that warrants a special master. The review needed to determine who is entitled to what on the laptop would be large and technical. At its most conservative estimate, Archetype contends that the laptop holds 1,662 potentially contested files based on metadata reviewed by its computer forensics expert. ECF No. 148 at 4. BLG argues that this estimate ignores tens of thousands more potentially contested files. ECF No. 161 at 13; ECF No. 161-1 ¶¶ 7–16. This considerable discrepancy supports the need for a technical third-party examination. This Court cannot perform that work effectively or timely, supporting the need for a special master. *See* Fed. R. Civ. P. 53(a)(1)(C); *Suquamish Indian Tribe*, 901 F.2d at 775.

Archetype, BLG, and Schneider also assert various interests in the laptop's files, including privileges held by non-party clients. The laptop purportedly contains Archetype's confidential trade secrets, BLG's confidential information, work product, and privileged client files, and Schneider's own work product and privileged client files. A neutral examination of the files is required to address these competing interests while protecting any potential confidentiality, work product, and privilege claims. The laptop files also extend beyond this litigation, as BLG has initiated a related action in Georgia against Archetype and Schneider. ECF No. 104-2.

Additionally, each party's proposed alternative to a special master would make one party the gatekeeper of the others' privileged material. For example, Archetype proposes a protective order, keeping the laptop in its possession, and producing a copy of the laptop's entire contents to all parties. ECF No. 148 at 6. Its suggestion is to allow any party who believes any of the files are privileged to designate them as such in a privilege log. *Id.* at 7, 15. But that proposal would expose files that evidently contain others' privileged and confidential material to Archetype, BLG, and Schneider alike. A protective order alone would fail to uphold the privileges in the first place.

Until the disputed laptop files are properly identified and their ownership is resolved, all third-party material on the laptop is at stake. Privilege, once breached, cannot be unbreached.

In a separate motion,[7] Schneider proposes the laptop be returned to him so his counsel can "conduct a proper privilege review." ECF No. 151 at 2. This solution fails for the same reasons discussed above. Accordingly, a special master is warranted for the laptop.

**2. The Special Master's Custody Is Consistent with the Preliminary Injunction**

Archetype argues that BLG's motion attempts to rewrite the preliminary injunction, which ordered the laptop returned to Archetype. ECF No. 148 at 3, 17. That is incorrect. The injunction compelled Schneider to return Archetype's property, including the laptop, and bars Schneider and those acting in concert with him from using or disclosing Archetype's trade secrets. ECF No. 48 at 33. But the preliminary injunction did not rule on who could review the laptop's contents, which evidently implicate the rights and privileges of both parties and non-parties. A special master's *temporary* custody to resolve the parties' disputes does not disturb any part of that ruling. Schneider remains without the laptop, the laptop remains Archetype's property, and no file may be released except consistent with the injunction.

**3. Scope and Selection of the Special Master**

The special master will take temporary custody of the laptop and other copies of its contents held by Archetype, as described below. The master will review the laptop's contents, including the materials described in Section II.D.3, to the extent needed to resolve the parties' claims. After reviewing the files at issue and consulting with the parties as needed, the master will then file a report and recommendation to this Court outlining: (1) how the parties' claims of attorney-client privilege, work-product protection, and confidentiality should be resolved, and (2)

[7] Schneider's motion is fully addressed in Section II.D of this order.

which files, if any, may be released to which parties, consistent with the preliminary injunction. The special master's custody does not alter the District Judge's finding that the laptop is Archetype's property or any party's obligation under the preliminary injunction.

Within 14 days of this order, the parties must file a joint submission nominating up to three qualified candidates for the special master. If the parties cannot agree, each party may propose one candidate. The submission may also set out each party's position on the terms required by Rule 53(b)(2), including the special master's duties, the process for reviewing the laptop's contents, ex parte communications, compensation, and the record to be kept. This Court will then select the special master and, after the candidate files the affidavit required by Rule 53(b)(3), enter an appointing order setting the required terms.

Within 14 days of the appointing order, Archetype must deliver the laptop to the special master. This includes every forensic image, copy, or extraction of its contents in the possession, custody, or control of Archetype, its counsel, or its forensic vendor, together with the Teramind material described in Section II.D.3. Apart from the Teramind material, this requirement does not reach the file indices or other documents produced in discovery.[8] The appointing order will require Archetype and Schneider to certify, under penalty of perjury, the chain of custody of the laptop and that they have retained no other copy of its contents.

Until and during the special master's custody, no party may open or review the contents of any file on the laptop or any copy of it except as the special master permits. This limitation does not apply to the file indices described in Section II.D.2. No file will be released to any party except by order of this Court or by written stipulation of all parties. The special master will retain custody

[8] *See* Sections II.C.4, II.D.2, and II.D.3 of this order.

until further order of this Court, which will direct the laptop's return to Archetype as consistent with any relevant rulings.

**4. BLG's Remaining Requests**

BLG also asks this Court to extend the special master's review beyond the laptop to all files in Archetype's or Schneider's possession that "originate from or include BLG's information." ECF No. 142 at 11. That request is denied without prejudice.

First, BLG has not shown that these other files warrant a master. A master is warranted for the laptop because of the technical and extensive scope of the review. BLG makes no comparable showing for materials outside the laptop. It only identifies five documents that Archetype produced in discovery[9], which BLG submitted in camera: one document it contends is work product, three completed client intake forms it contends are privileged, and one document it contends is confidential. ECF Nos. 142-7 to 142-11; ECF No. 161 at 6. This Court can resolve a dispute over a handful of identified documents in an effective and timely manner without a master. Fed. R. Civ. P. 53(a)(1)(C).

Second, the request is too open-ended. Requiring the parties to provide the special master with "any BLG materials" in their possession would require access to Schneider's and Archetype's emails, network servers, and an undefined range of sources for anything BLG might claim. This undertaking would not only be impractical, but it would also expose the parties' own unrelated privileged and confidential material.

Third, the special master's review will put BLG in a better position to identify any non-laptop materials at issue. The review of the laptop, including its browser and email data stores,

[9] The record does not definitively establish where or how Archetype obtained these documents. Archetype states that the intake forms are "not from the laptop." ECF No. 148 at 9. BLG contends that Archetype indirectly obtained BLG's materials through the Teramind monitoring software, Schneider, or files saved to Archetype's network. ECF No. 161 at 3.

may show what Schneider sent to or saved on Archetype's systems. ECF No. 161-1 ¶¶ 7–9, 13–16. Once the District Judge rules on the motion to dismiss, BLG may pursue that information through discovery in this action if it remains a party, or in BLG's related Georgia action if it does not remain a party. *See* ECF No. 104-2. BLG may then seek protection of specific materials outside the laptop.

In the meantime, those materials remain protected. This Court's prior order at ECF No. 146 barred Archetype and Schneider from using or reviewing the information subject to BLG's emergency motion. This order hereby supersedes ECF No. 146,[10] but maintains the protection for materials outside the laptop. Until further order, Archetype and Schneider may not use or review materials outside the laptop that originate from or include BLG's information, as described in BLG's motion. *See* ECF No. 142 at 11. This restriction includes the five documents BLG submitted in camera but does not apply to other material already filed in the record. ECF Nos. 142-7 to 142-11; ECF No. 161 at 6. This paragraph does not govern the Teramind recordings, screenshots, or downloads of the laptop's activity, which are treated as part of the laptop's contents under Section II.D.3.

BLG further asks that Archetype bear the special master's costs because Archetype rejected BLG's proposal to use a neutral and obtained BLG's materials through Teramind. ECF No. 142 at 12–13. Archetype responds that a special master would only add expense. ECF No. 148 at 15.

In allocating a master's compensation, the court "must consider the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). At this stage, equal allocation

[10] *See* Section II.D.2.

is the fairest. All three parties claim interests in the laptop's contents, and the review will serve each of them.

Whether Archetype's Teramind monitoring was improper is disputed, and this Court does not decide it here—so it cannot yet be said that any party is more responsible for the special master's costs. Nor does the record sufficiently establish the parties' relative means. The special master's fees and expenses will therefore be shared equally among Archetype, BLG, and Schneider, subject to reallocation under Rule 53(g)(3) when the special master's work concludes. Accordingly, BLG's request that Archetype bear all costs is denied without prejudice.

Finally, BLG's request for attorney's fees is denied. A court may award fees under its inherent power when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Archetype holds the laptop because the District Judge ordered it returned, its counsel attests that they have not reviewed its contents, and Archetype agreed not to access its contents while the parties conferred. ECF No. 48 at 33; ECF No. 148-5 ¶ 4; ECF No. 142-1 ¶ 11. The record does not show bad faith or otherwise warrant attorney's fees.

**D. Schneider's Emergency Cross-Motion to Extend or Modify the Court's Interim Protective Order and for Protection of Schneider's Privileged Materials (ECF No. 151)**

Schneider requests the following relief from this Court: (1) return the laptop to his counsel for a privilege review, (2) extend this Court's prior order (ECF No. 146) to BLG and to native files and recordings Archetype produced on May 13, 2026, (3) confirm that he may review the file indices, and (4) order all recordings produced to him then destroyed and an accounting of all persons who had access to such recordings. ECF No. 151 at 12–13. BLG and Archetype opposed, and Schneider replied. ECF Nos. 162, 164, 171. This Court grants the motion in part.

/ / /

**1. The Laptop Will Not Be Returned to Schneider**

The District Judge found that the laptop was Archetype's property, compelled Schneider to return it, and declined to stay that order pending appeal. ECF No. 48 at 22 n.10, 33; ECF No. 205 at 16. Returning the laptop to Schneider would undo those rulings, and any request to modify the injunction belongs before the District Judge. Additionally, this Court has already determined that the laptop will be subject to the special master's temporary custody and review. *See* Section II.C.1.

**2. The Prior Order (ECF No. 146) and the File Indices**

As stated in Section II.C.4, this order supersedes the prior order at ECF No. 146. This order governs all access to the laptop and every copy of its contents, and the protection of certain materials outside the laptop. Its restrictions take effect immediately and continue until further order. Schneider's request to extend the prior order at ECF No. 146 is therefore denied as moot.

Schneider's request for clarification regarding the file indices provided by Archetype is granted. Any party may review the file indices created by Archetype's computer forensics expert, which have already been provided to the parties.[11] ECF No. 148-4.

**3. Native Files and Teramind Material**

Schneider's requests to destroy the Teramind recordings, produce them to him alone, and require an accounting are denied. Destroying the recordings would eliminate evidence relevant to the parties' positions, and production to Schneider alone would ignore BLG's claimed interest in recordings involving its personnel and clients. ECF No. 162 at 4.

This Court considers Schneider's point, however, that these files were extracted from or recorded using the laptop. ECF No. 151 at 8–9. Archetype clarifies that it obtained these recordings through the Teramind software and acknowledges that it holds some recordings which

[11] If proper, the parties may agree to have these indices be subject to the protective order.

it has not produced or reviewed. ECF No. 164 at 3, 7. The files Schneider identified, and all Teramind recordings, screenshots, and downloads of the laptop's activity in Archetype's possession, custody, or control, whether or not produced, are therefore protected by Section II.C.3 of this order.

Although the Teramind material is stored outside the laptop, it captures the laptop's activity and raises the same privilege questions as the laptop's native files. For purposes of this order, the Teramind material is therefore treated as part of the laptop's contents, along with the native files Schneider identified. No party may open or review them except as the special master permits, and the special master's review will include them. No files will be released to any party except by order of this Court or by written stipulation of all parties.

**E. Remaining Discovery Motions (ECF Nos. 167, 188, 191, 198)**

**1. Archetype's Motion for Entry of Protective Order (ECF No. 167)**

Archetype moves for entry of a protective order governing the handling of confidential information produced in discovery. ECF No. 167. Schneider and BLG responded, and Archetype replied. ECF Nos. 179, 181, 184.

Schneider does not oppose entry of the proposed order, provided the order does not adopt Archetype's characterization of the facts. ECF No. 179. BLG does not oppose a protective order generally but argues, among other things, that Archetype's proposal would require it to concede that its work product and trade secrets are discoverable. ECF No. 181.

A court may, for good cause, order that confidential information be revealed in a specified way through a protective order. Fed. R. Civ. P. 26(c)(1)(G). Here, good cause exists. All parties agree that discovery will involve confidential information, and documents have already been exchanged.

/ / /

Schneider's concern is not implicated by the proposed protective order. The proposed order describes the case in neutral terms and does not adjudicate any facts or merits. ECF No. 184-1. BLG's concerns are also not implicated. Archetype has addressed BLG's relevant concerns in its proposed protective order, and any remaining concerns may be resolved through BLG's objection to the production and discoverability of documents. ECF No. 184 at 5–6.

Accordingly, this Court will enter the proposed protective order at ECF No. 184-1. Entry of the protective order does not adopt any party's characterization of the facts and does not determine whether any document is discoverable.

**2. Archetype's Motion to Compel and BLG's Countermotion for Protective Order (ECF Nos. 188, 191)**

Archetype moves to compel BLG to produce documents responsive to its first requests for production. ECF No. 188. But this Court has now stayed discovery, including BLG's obligation to respond to these requests, and an order compelling production would conflict with that stay. The motion is therefore denied without prejudice.

BLG countermoves for a protective order limiting discovery into BLG until Archetype identifies its alleged trade secrets with sufficient particularity. ECF No. 191. Because discovery is now stayed, BLG already has that relief for as long as the stay lasts. Whether discovery from BLG proceeds at all depends on the District Judge's ruling on the motion to dismiss. The countermotion is therefore denied without prejudice.

**3. Archetype's Motion to Extend Scheduling Order Deadlines (ECF No. 198)**

Archetype moves to extend the remaining scheduling order deadlines. ECF No. 198. BLG and Schneider responded, and Archetype replied. ECF Nos. 200, 203, 204. A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4); LR 26-3; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, this Court's stay of discovery independently supplies good cause: the remaining deadlines cannot be met while discovery is stayed. But this Court will not set new dates now, because both Archetype's and BLG's proposals assume a timeline for the pending motions that this Court cannot predict. The remaining deadlines are therefore vacated, and the parties must file a proposed discovery plan and scheduling order within 14 days after the stay is lifted.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that BLG's motions to seal (ECF Nos. 182, 193) are **GRANTED**. The Clerk of Court is kindly directed to: (1) seal ECF Nos. 67, 148-1, and 167-1, (2) file ECF No. 182-1 on the public docket and link it to ECF No. 67, and (3) file ECF No. 182-2 on the public docket and link it to ECF Nos. 148 and 167. ECF Nos. 190-2, 191-2, and 192 shall be maintained on the docket in their current state.

**IT IS FURTHER ORDERED** that Archetype's motion to seal (ECF No. 189) is **GRANTED in part and DENIED in part**. Within 14 days of this Order, Archetype must file public, redacted versions of Exhibits 1 and 2 to its motion to compel and link the docket entry to ECF No. 188. The redactions should be consistent with ECF Nos. 123-2 and 182-2, redacting only the name of Defendant X.

**IT IS FURTHER ORDERED** that BLG's motion to stay discovery (ECF No. 123) is **GRANTED**. All discovery in this action is stayed pending the District Judge's ruling on BLG's motion to dismiss (ECF No. 108), as described in Section II.B of this order.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that BLG's emergency motion (ECF No. 142) is **GRANTED in part and DENIED in part:**

- BLG's request for special master appointment and review of the laptop is **GRANTED.** A special master will be appointed under Fed. R. Civ. P. 53, as described in Section II.C of this order. Until and during the special master's custody, no party may open or review the contents of any file on the laptop or any copy of it, except as the special master permits. This limitation does not apply to the file indices.
- Within 14 days of this order, the parties must file the joint submission described in Section II.C.3.
- Within 14 days of the appointing order, Archetype must deliver the laptop and the materials described in Section II.C.3 to the special master.
- BLG's request to extend the special master's review to all BLG materials not on the laptop is **DENIED without prejudice**.
- Until further order, Archetype and Schneider may not use or review materials outside the laptop that originate from or include BLG's information, including ECF Nos. 142-7 to 142-11, as described in Section II.C.4. This restriction does not apply to material already filed in the record.
- BLG's request that Archetype bear all costs associated with the special master is **DENIED without prejudice.** The special master's fees and expenses will be shared equally among Archetype, BLG, and Schneider, subject to reallocation under Fed. R. Civ. P. 53(g)(3).
- BLG's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that Schneider's emergency cross-motion (ECF No. 151) is **GRANTED in part and DENIED in part:**

- Schneider's request that the laptop be returned to him is **DENIED**.
- Schneider's request to extend this Court's prior order (ECF No. 146) is **DENIED as moot.** This order supersedes ECF No. 146.
- Schneider's request for clarification regarding the file indices is **GRANTED.** Any party may view the file indices provided by Archetype.
- Schneider's requests for destruction of the recordings, exclusive production, and an accounting are **DENIED**.
- Schneider's request to bar review of the native files and recordings he identified, and of other recordings taken using the laptop, is **GRANTED** as provided in Section II.D.3.

**IT IS FURTHER ORDERED** that Archetype's Motion for Entry of Protective Order (ECF No. 167) is **GRANTED**. This Court will enter the protective order (ECF No. 184-1) by separate order.

**IT IS FURTHER ORDERED** that Archetype's Motion to Compel (ECF No. 188) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that BLG's Countermotion for Protective Order (ECF No. 191) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Archetype's Motion for Extension of Scheduling Order Deadlines (ECF No. 198) is **GRANTED in part and DENIED in part:**

- The remaining deadlines in the scheduling order (ECF No. 78) are **VACATED**.
- Within 14 days after the stay is lifted, the parties must file a proposed discovery plan and scheduling order.

**IT IS FURTHER ORDERED** that all parties must preserve all copies of the laptop's contents in their possession and all other materials restricted under this order until further order of this Court.

DATED: October 21, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE