| | |
|---|---|
| ARCHETYPE CAPITAL PARTNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BULLOCK LEGAL GROUP, LLC, a Georgia limited liability company, and ANDREW SCHNEIDER, an individual residing in Texas,<br><br>Defendants. | Case No. 2:25:CV-01686-GMN-BNW<br><br>**Protective Order** |

# PROTECTIVE ORDER

The Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

## I. Purposes and Limitations

1. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting/defending this case may be warranted. This information includes, but is not limited to, proprietary business information, trade secrets, confidential research, financial data, and/or otherwise confidential information. Special protection may be necessary to ensure that such sensitive information and financials do not lose their confidentiality, privacy, and protection afforded under the applicable law. Accordingly, the Court is entering this Protective Order.

2. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under

applicable legal principles. This Protective Order does not entitle the parties to file confidential information under seal; Federal Rule of Civil Procedure 5.2 and LR IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**II. <u>Good Cause Statement</u>**

3. This action purportedly involves privileged communications and trade secrets, including, without limitation, alleged valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution/defense of this action may be warranted. Such materials and information consist of, among other things, alleged confidential business or financial information, information regarding alleged confidential business practices, or other alleged confidential research, development, or commercial information or personal information implicating the privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Significant harm may result to the parties and nonparties if certain of these categories of documents and related testimony are not protected from public disclosure. Specifically, the parties or nonparties may suffer loss of stature and business advantage in their competitive industries if procedures and policies that are currently protected as proprietary information and/or trade secrets become available to the public forum. Some of the parties involved are private companies and their financials are not currently known or otherwise accessible by their respective competitors or the public. Protection of these procedures, policies, and financial information is necessary to ensure that such alleged trade information and financials do not lose the confidentiality and protection they currently maintain. To the extent the parties rely on sensitive information to

remain competitive with regard to their respective businesses, they may be prejudiced if their sensitive internal information is disclosed to the public, including competitors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for, and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as confidential solely for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

**III. <u>Applicability</u>**

4. This Protective Order shall apply to, and shall govern, all documents, materials, things, discovery responses, information, and testimony designated by the disclosing party in good faith as constituting or containing confidential information pursuant to this Protective Order. The Protective Order shall not operate or permit any party to deem anything already in the public record as confidential.

5. The protections conferred by this Protective Order cover not only protected Designated Material (as defined herein), but also: (1) any non-public information copied, excerpted, summarized, compiled or extracted from Designated Material where such information is what makes Designated Material qualify for protection hereunder; (2) all copies of Designated Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal protectable information contained in the Designated Material.

**IV. <u>Designated Material</u>**

6. Information, documents, and other materials may be designated by the producing party ("the Designating Party") as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner permitted herein.

7. The "CONFIDENTIAL" designation shall be limited to information and materials that contains or comprises trade secrets, other proprietary or confidential business information, and/or other information that implicate reasonable and legitimate expectations of privacy.

8. "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be limited to CONFIDENTIAL information that the disclosing or producing party believes in good faith to be so highly sensitive that disclosure could result in a high degree of prejudice, or could cause substantial commercial or personal harm or disadvantage.

9. All such information, documents, and materials, as well as excerpts and other materials copied, extracted, or derived from such information, documents, and materials, will constitute "Designated Material" under this Protective Order. This Protective Order shall apply to Designated Material produced by any party or third party in this action.

10. Designated Materials information does not include, and this Protective Order does not apply to, any information that: (i) is, or has become, publicly known to a party through no fault of the party; (ii) is lawfully acquired by, or known to, the party independent of the Designating Party; or (iii) was previously produced, disclosed and/or provided by the Designating Party without an obligation of confidentiality and not by inadvertence or mistake.

11. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" thus clearly identifying the category of Designated Material for which

protection is sought under the terms of this Protective Order. Designated Material not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way. The parties will use reasonable care to avoid designating as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY documents or information that does not need to be designated as such.

12. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action.

13. Materials Designated "CONFIDENTIAL" may be disclosed only as follows:

a. Parties: Designated Material may be disclosed to parties to this action or two identified directors and/orofficers who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A.

b. Any director, officer, or employee of a Party who is or was (i) the author of the Designated Materials prior to production and designation by the producing party in this case, or (ii) a verified recipient of the Materials other than through discovery or trial in this case.

c. Outside Experts: Designated Material may be disclosed to an outside expert for the purpose of obtaining the expert's assistance in the litigation. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Protective Order, by signing a document substantially in the form of Exhibit A.

d. Counsel: Designated Material may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff.

e. Other Persons: Designated Material may be provided as necessary for purposes of this litigation to copying services, translators, professional jury or trial consultants, litigation support firms, and mediators or settlement officers. Before Designated Material is disclosed to such third parties, each such person must agree to be bound by this Protective Order by signing a document substantially in the form of Exhibit A.

f. The Court, its personnel, and employees, and court reporters and videographers who transcribe testimony or depositions in this case.

14. Materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the individuals who qualified under Paragraphs 13(c) – 13(f) above.

15. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

a. Inform the person of the confidential nature of the Designated Material; and

b. Inform the person that this Court has enjoined the use of the Designated Material by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

16. Each person to whom disclosure of all or part of Designated Material is made shall agree to subject himself/herself/itself personally to the jurisdiction of the Court in which this litigation is pending solely for the purpose of proceedings relating to the performance

under, compliance with, or violation of this Protective Order.

17. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Protective Order.

18. The recipient of Designated Material shall exercise all reasonable standards of due and proper care with respect to the storage, custody and use of such Designated Material so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

**V. <u>Limitations on Restrictions</u>**

19. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any party's right to contest any such assertion.

20. Nothing in this Protective Order shall affect the admissibility into evidence of Designated Material or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of such confidential information.

21. The inadvertent production by any of the parties or non-parties to this Protective Order, of any document, testimony or information during discovery in this case without a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, shall be without prejudice to any claim that such item is confidential. Further, such producing party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony or information that is subject to a confidentiality designation under this Order is inadvertently produced without such designation, the party that inadvertently

produced the document shall give written notice of such inadvertent production within fifteen (15) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated under this Order (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the party that received the inadvertently produced document, testimony or information shall either: (1) promptly destroy the inadvertently produced document, testimony or information and all copies thereof; or (2) promptly return such together with all copies of such document, testimony or information to counsel for the producing party and shall retain only the designated materials. Should the receiving party choose to destroy such inadvertently produced document, testimony or information, the receiving party shall notify the producing party in writing of such destruction within fifteen (15) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.

## VI. Designated Material at Depositions

22. Deposition transcripts or portions thereof may be designated either (a) prior to or when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten (10) business days after the Designating Party's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten business days, the deposition transcript shall be treated as Designated Material.

23. When testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 13 of this Protective Order.

24. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under Paragraph 13 of this Protective Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

## VII. Filing with the Court

25. The parties shall comply with the applicable procedures identified in the Local Rules of the United States District Court for the District of Nevada and the relevant Chambers Rules in regard to filing Designated Material under seal.

## VIII. Removal from Confidentiality

26. If the receiving party disagrees with a confidential designation, it may notify counsel for the Designating Party in writing of such disagreement by specifically identifying the Designated Material the receiving party contends is not CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY as applicable, and request that the designation be so changed. Within fifteen (15) days after receipt of such request, both parties will confer in good faith as to the proper status of such information. If the parties are unable to reach agreement, the Designating Party may apply to the Court for maintenance of the designation of such information. At any hearing or briefing with respect to such designation, the Designating Party shall have the burden of establishing the confidentiality of the particular Designated Material. While such application and ruling are pending, the receiving party shall treat such information as designated by the Designating Party.

27. No party shall be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation, and any failure to do so at any time shall not preclude a subsequent challenge to the propriety of such designation. The Court has authority to award sanctions (e.g., attorneys' fees and costs incurred) to the

prevailing party in any dispute over designations pursuant to this Protective Order

**IX. <u>Unauthorized Disclosure of Designated Material</u>**

28. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute a document substantially in the form of Exhibit A.

**X. <u>General Provisions</u>**

29. This Protective Order shall be without prejudice to the right of any party to object or oppose production of any information for lack of relevance or any other ground other than the mere presence of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation.

30. At the conclusion of all proceedings in this litigation, all Designated Material furnished pursuant to the terms of this Protective Order which are not in the custody of the Court, shall be either returned to the party furnishing the Designated Material or destroyed at the option of the receiving party. If the receiving party elects to destroy documents embodying or reflecting Designated Material, the receiving party so electing shall, within fifteen (15) days of said destruction, certify to the Designating Party in writing that such destruction has been completed. Nothing in this Protective Order shall preclude the attorneys that the parties have specifically retained for this action from retaining an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Designated Material. Any such archival copies that

contain or constitute Designated Material remain subject to this Protective Order.

31. Nothing in this Protective Order constitutes an admission by any party that Designated Material disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Designated Material pursuant to applicable law and rules.

32. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material or request to file documents under seal; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Protective Order; or to seek any other relief from the Court. The Court may make such further Orders and directions as it deems appropriate or necessary concerning the subject matter of this Protective Order.

Signed this 21st day of October, 2026

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

______________________________________, declare under penalty of perjury as follows: I am fully familiar with the terms of the Protective Order entered in *Archetype Capital Partners, LLC v. Bullock Legal Group, LLC et al.*, United States District Court for the District of Nevada, Case No. 2:25:CV-01686, and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for the sole purpose of enforcing the Protective Order.

Dated: ________________________________________

Signed: _______________________________________

Name (print): __________________________________